Hitchcock, J.
The exception which is taken to the jurisdiction of the mayor of the city of Cincinnati in the present 193] *case is, that by the act incorporating the city, no civil jurisdiction is conferred on that officer, and that it appears from the record that ho has attempted to exercise such jurisdiction.
In order to a correct determination of the case, it is necessary that wo ascertain the true nature and character of the whole transaction, and in attempting to do this, we ought rather to look to the substance than to the form of words made use of. It- is true the record shows that in form, a judgment as in debt is rendered, but still the true character of the whole proceeding is to enforce the collection of a tax assessed by the competent authority of the city for the purpose of paving a public street. Whether there was power to assess the tax, and power to collect it, are important questions, far more important than is the question as to the particular mode of collection. Still, in prescribing the mode of assessing or collecting, the-city authorities can not be permitted to contravene the laws of the state. Their powers are prescribed *194 by tho act of incorporation under which, they exist, and when they transcend these powers their acts are void. This act of incorporation then, and the ordinances made in pursuance thereof, constitute the law of the case, and if from these, the powers exercise.d by the mayor can not bo fairly deduced, the court of common pleas correctly decided that he had no jurisdiction of the subject matter before him. '
This act of incorporation was passed on March 1,1834. 32 Ohio L. 245. In section 1, it is provided that, “for the better ordering and go'verning said city, the exercise of the corporate powers of the same, heroin and hereby granted, and the administration of its fiscal, prudential, and municipal concerns, with the conduct, direction, and government thereof, shall be vested in one principal officer to be styled the mayor, a board.of trustees consisting of three members of each ward, to be denominated the city council, together with such other officers as are hereinafter mentioned and provided for.” The city council is vested with the legislative power of the city, and are authorized “to impose fines, forfeitures, and penalties on all persons offending against the laws *and ordinances of said-city, and provide for the prosecu- [194 tion, recovery, and collection thereof.” To defray the current expenses of the city, the council is further authorized to levy and collect taxes upon the real and personal property within its limits, as the same is or shall be appraised and returned on the grand levy of the state, and upon other enumerated articles which are. not included in the general list of taxable property. The council have further power, “ to be caused to be opened, paved, repaved, or improved any street, lane, alley, market space, or public landing,” on certain conditions, and “to levy and collect a special tax, for the costs and expenses of the same, by an equal assessment of the feet front bounding or abutting ” on such street, lane, alley j etc.
This last clause removes all doubt as to the power of the city authorities to levy a special tax of the character of the one in the case under consideration. The power is expressly conferred, and so is the power to collect. The particular mode of collecting, however, not having been prescribed in the act of incorporation, must be prescribed by ordinance of the city council, and if such ordinance is not contrary to, or does not violate any law of the United States or of this state, it will bo binding.
*195 In section 4 of the act of incorporation, the powers and duties of the mayor are defined. Among other things, it is prescribed that, “he shall perform such duties, and exercise such powers as from time to time may devolve upon him by the ordinances of said city, not inconsistent with the provisions of this act, and the ■character and dignity of his office.” “He shall, in his judicial capacitj7, have exclusive original jurisdiction of all cases for the violation of the ordinances of' said city, and criminal jurisdiction in all cases where, by the laws of this state, justices of the peace within the township of Cincinnati shall be authorized to hear and determine, or in any manner have j>ower to act; and for the due and efficient exercise of.the power heroin and hereby vested in him, he shall have power, and it shall bo lawful for him, to award all such process, and issue such writs as may be necessary,” etc. 195] *In a proviso to this section, the right of appeal is secured, where a defendant brought before the mayor shall be adjudged to pay a fine of more than ten dollars for the breach of any ordinance of the cit3:r.
In pursuance of tho power vested in the city council of levying and collecting special taxes, to deft^ the expenses of paving, etc.,' that body on November 5, 1834, passed a general ordinance on the subject, in which it is provided that if the owner or owners, occupant or occupants, of any real estate subject to any taxes for opening, paving, etc., “shall neglect or refuse to pay such tax when duo, it shall be the duty' of tho city collector forthwith to report every such delinquent to the ma3’or, who shall immediately issue a summons as in an action of debt in favor of the city of Cincinnati,” against such owner, which summons shall be served and returned “by the marshal as in other cases, and if upon the return of such summons served, it shall appear to the satisfaction of the mayor that such tax has not been paid, he shall enter judgment therefor, against such delinquent owner, with interest from tho date of the assessment, and costs, and issue execution as in other cases.”
It was in pursuance of these provisions that the proceedings in the case before us were had. A tax had been assessed upon a lot or part of a lot owned or occupied by the defendant, abutting on Vine street, for the purpose of paving that street. This tax he relused to pa.3’', which tact was reported by the city collector. Now tho question arises whether there is an37thing in that part of *196 the ordinance, relative to the mode of collecting a special tax, which conflicts with the act of incorporation or .with the general law of the land. If not, then it is obligatory on the mayor and ho is bound to enforce it. Ho is bound to “periorm such duties and exercise such powers as may from time to time devolve upon him by the ordinances of said city.” And as a judicial officer, he has “exclusive original jurisdiction of all cases for the violation of the ordinances of the city.” Has not here been a violation of an ordinance of the city? Such an ordinance required that a tax should be paid. It was *not paid. The ordinance, then, [196 was not complied with. If a penalty had boon imposed for such non-payment, it seems to bo conceded that the mayor would have had jurisdiction, because it would have been somewhat in the nature of a criminal proceeding; but inasmuch as nothing more is required than the tax with interest, it is said to be in the nature of a civil proceeding.
The position assumed by the counsel for the defendant is, that the mayor, as a judicial officer, has no jurisdiction except in cases of a criminal nature, and as the ordinance requires an action in the nature of an action of debt to be commenced, he can not have jurisdiction, because an action of debt is a civil action. But although debt is a civil action, it is not unfrcqucntly brought to recover penalties for the violation of statutes. And under the power of the city council of Cincinnati, to “impose fines, forfeitures, and penalties, on all persons offending against the laws and ordinances of said city, and provide for the prosecution, recovery, and collection thereof,” it is believed the council might provide that a penalty so imposed, if of a certain amount should be recovered in an action of debt. If so, the suit must bo prosecuted before the mayor, for he alone shall have “ original jurisdiction of all cases for the violation of the ordinances of the city.” It does no.t follow, then, that if', in a given case, this form of remedy is pursued, there is of necessity a want of jurisdiction.
But what is the nature of this proceeding for the collection of a special tax? True, the ordinance requires that if the tax bo not paid, the mayor shall, upon being informed of the fact, issue process as in debt. But what is the fact to be tried? Hot whether the tax was properly assessed, but simply whether it has been paid. This is the only question which the mayor has to determine. Had the ordinance required that the city collector should, upon *197 the neglect or refusal to pay the tax, proceed to sell the lot or part of lot, or .to levy upon other property of the owner to make the tax, there could have been no objection to it. Or had it required the mayor, upon report made to him by the city collector 197] that the tax was unpaid, *forthwitb. to issue his warrant to the city marshal, directing him to collect by levy upon and sale of property, would have been equally unobjectionable. But inasmuch as the ordinance gives to the owner or occupier of the lot upon which the tax is assessed an opportunity to appear befare the mayor, and contradict the report of the collector by showing that the tax has actually been paid, it is claimed that that part of the ordinance, at least,.which gives this privilege is void. A majority of the court can not see it in that light. And we find nothing in the act of incorporation, or in the general law of the land, which is infringed by this ordinance.
The judgment of the court of common pleas is reversed, and the case remanded for further proceedings.
Judgment reversed.